| | |
|---|---|
| CHAPTER | 13 |
| DATE: | November 16, 2009 |
| JUDGE: | Margaret Dee McGarity |
| CASE NO.: | 09-31074-MDM |
| DEBTOR: | Mazen N. Khoury |
| NATURE OF HEARING: | Adjourned (from 10/15/09) court's decision on debtor's eligibility under section 109(g)(2). |
| APPEARANCES: | David Kingstad, Attorney for Debtor |
| | Rebecca Quiroz for the Chapter 13 Trustee |
| COURTROOM DEPUTY: | Carolyn A. Belunas |
| TIME: | 10:32 - 10:39 am |

The chapter 13 trustee filed an objection to the debtor's motion to continue the automatic stay, noting the debtor may not be eligible to file chapter 13 under section 109. The debtor's previously-filed case, No. 04-20416, was dismissed pursuant to the debtor's own motion on June 16, 2009. During the pendency of that case, First Union National Bank, Tri-City National Bank, and Deutsche Bank Trust Company Americas had all filed motions for relief from the automatic stay.

The debtor believes he is qualified to file a petition because the motions for relief from stay have nothing to do with why he is in chapter 13 now. His previous plan was projected to pay a 100% dividend, but additional priority claims filed at the end of the plan prohibited the debtor from completing the plan on time. He paid $184,870 during the course of the 2004 case. To avoid conversion of that case to chapter 7, the debtor voluntarily moved to dismiss. This filing was necessitated by the utility company's threat to shut off power due to some arrearage remaining from the dismissed 2004 case. The debtor is current on all of the mortgages which were the subjects of the previous motions for relief and property taxes are now being paid via escrow.

Other cases that have addressed the issue of eligibility under § 109(g)(2) have focused on Congress' intent in allowing chapter 13 debtors to pay creditors and retain secured assets. If the prior dismissal had nothing to do with the goal of a subsequent plan, it would frustrate that intent. Thus, those courts found exceptions for other cases when denial of eligibility would have frustrated the purposes of chapter 13. *See, e.g., In re Howard*, 311 B.R. 230 (Bankr. E. D. Wis. 2004); *In re Beal*, 347 B.R. 87 (E.D. Wis. 2006); *In re Luna*, 122 BR 575, 577 (B.A.P. 9th Cir. 1991).

While it is true that the debtor tried his best to complete his previous plan and paid a lot of money into the plan, he was not able to do so. Even though he was making payments to the chapter 13 trustee, he was not paying his real estate taxes, resulting in § 1305 claims. This means that five years was not long enough for him to complete his plan. He did not have sufficient disposable income to complete his plan in five years and to pay his current expenses. Therefore, this subsequent filing is an attempt to lengthen the term of the plan beyond five years, which is contrary to Congress' intent to limit the term of chapter 13 plans. *See In re Huerta*, 137 BR 356 (Bankr. C.D. Col. 1992); *see also In re Andersson*, 209 B.R. 76 (B.A.P. 6th Cir. 1997); *In re Steele*, 319 B.R. 518 (E.D. Mich. 2005).

The debtor is not eligible under §109 (g)(2). Therefore, the case is dismissed.

SO ORDERED.
November 19, 2009

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court